**David R. Jenkins, #95301**
**David R. Jenkins, P.C.**
**2444 Main Street, Suite 120**
**Post Office Box 1406**
**Fresno, California 93716**
**Telephone (559) 264-5695**
**Facsimile (559) 264-5693**
**email/eservice drjbklawyer@sbcglobal.net**

Attorneys for James Edward Salven,
Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| In the matter of<br><br>CARLOS GUTIERREZ AND<br>MARIA GUTIERREZ,<br><br>Debtors | Case No.  12-60444-B-7F<br>Chapter 7<br><br>DC No. DRJ-4<br><br>Date: April 9, 2014<br>Time: 10:00 AM<br>Dept. B, Courtroom 12, Judge Lee |
|---|---|

**MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY**

    James Edward Salven, Chapter 7 Trustee, ("Trustee") hereby moves for the entry of an order authorizing him to sell the real property located at and commonly known as 2123 North Shady Court, Visalia, CA (APN 089-320-030), ("the Property") to Sergio Jacobo, Mirna Jacobo, Mateo Espinosa & Alma Espinosa ("Buyers") for the sum of $169,000.00, cash at close of escrow.  The Trustee also seeks authority to pay brokers' commission(s) on the terms hereinafter stated.  In support of this motion, the Trustee alleges and cites:

    1. This case was commenced by the filing of a voluntary petition for relief under Title 11 U.S.C. Chapter 7 on December 24, 2012.  Trustee is the duly appointed, qualified and acting Chapter 7 Trustee herein.

    2. Among the assets of the Debtors and their estate herein is an interest in the Property.  The Debtors scheduled the Property with a value of $127,748.00.  The Debtor's schedules reflect that the Property is subject to first and second deeds of trust in

favor of Chase Mortgage.  The best information available at this time indicates that the balances on the two mortgages are $82,286.38 and $29,676.84, respectively.  The property also appears to be subject to a judgment lien in favor of Citibank in the amount of $7,298.83 plus interest at the rate of 10% per year from December 21, 2010. By an order entered January 29, 2014, the court determined that the Debtors are entitled to claim an exemption equal to $18,021.00, for equity in the Property.

3. Sales of property of a Chapter 7 bankruptcy estate are governed by Title 11 USC Section 704(a)(1), which requires a Chapter 7 Trustee to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest," and Title 11 USC Section 363(b) which, subject to exceptions having no relevance to this motion, authorizes a Chapter 7 Trustee to sell property of the estate outside the ordinary course of business.  "In determining whether to approve a proposed sale under section 363, courts generally apply standards that, although stated various ways, represent essentially a business judgment test.  Some earlier decisions describe the standard as one of 'good faith' or of whether the transaction is 'fair and equitable' or whether the sale is 'in the best interest of the estate.'  However, the more recent cases tend to focus on whether a sale is supported by a sound business reason and is based on a sound exercise of business judgment. The 'business judgment' test here differs from the general corporate law business judgment rule, which protects corporate directors from liability where they exercised due care and were not self-interested in the transaction.  Here, by contrast, the bankruptcy court reviews the trustee's (or debtor in possession's) business judgment to determine independently whether the judgment is a reasonable one.  The court should not substitute its judgment for the trustee's but should determine only whether the trustee's judgment was reasonable and whether a sound business justification exists supporting the sale and its terms."  Collier on Bankruptcy P 363.02.

4. As evidenced by the declaration of the Trustee in support of this motion, in connection with the proposed sale of the Property the Trustee has consulted with his

attorney and real estate broker and has searched online data bases in an effort to educate himself regarding the value and disposition of the Property. Based on those consultations, that research and past experience, the Trustee has concluded that, subject to such better or higher offers as may be received at or before the hearing on this motion, the proposed sale is fair, reasonable and in the best interests of the estate and the creditors.

5. By an order dated July 25, 2013, the Trustee was authorized to employ Prudential California Realty, as my broker to list and sell the Property. The Trustee's agreement with the broker provides for payment of a commission equal to 6% of the sales price.

6. The following table accurately reflects the Trustee's best estimate of how the sales proceeds will be distributed:

| | |
|---|---|
| Purchase Price | $169,000.00 |
| Estimated Brokers Commission(s) 6% | $10,140.00 |
| Estimated Costs of Sale 2% | $3,380.00 |
| First Mortgage | $82,286.38 |
| Second Mortgage | $29,676.84 |
| Judgment lien | $9,853.42 |
| Net Proceeds | $33,663.36 |
| Proceeds to Debtor | $18,021.00 |
| Proceeds to Estate | $15,642.36 |

7. **BIDDING PROCEDURES**. The sale proposed by this motion is subject to better and higher offers which must be made in accordance with the following procedures.

1. Any person intending to make an overbid must appear at the hearing on this motion.

2. Any overbids must be to purchase the same interest in the Property on the same terms (other than price) and conditions as set forth above. At or before the

3

hearing prospective over-bidders must demonstrate to the satisfaction of the Trustee their ability to immediately tender, in certified funds, a non-refundable deposit of $5,000.00, if they are the successful bidder. The first overbid must be at least $170,000.00. Thereafter, further bids must be made in minimum increments of $500.00.

        3. If persons wishing to overbid are present, an auction will be conducted by the Trustee outside the Courtroom at which the hearing will be held.

Dated: March 6, 2014

                **/s/ David R. Jenkins**
                David R. Jenkins, Attorneys for Trustee